**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 11-5055**

─────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

DONNIE CHARLES BERGERON,

        Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:08-cr-00911-PMD-1)

─────────

Submitted: March 1, 2012        Decided: March 12, 2012

─────────

Before DUNCAN, AGEE, and KEENAN, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

J. Robert Haley, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. Sean Kittrell, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donnie Charles Bergeron appeals the two-year sentence and one-year supervised release term imposed following the revocation of his supervised release. Counsel for Bergeron has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court imposed a plainly unreasonable sentence. Although informed of his right to file a pro se supplemental brief, Bergeron has not done so. We affirm.

In reviewing a sentence imposed upon revocation of supervised release, this court "takes a more 'deferential appellate posture concerning issues of fact and the exercise of discretion' than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (quoting United States v. Crudup, 461 F.3d 433, 439 (4th Cir. 2006)). We will affirm a sentence imposed after revocation of supervised release if it is not plainly unreasonable. United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). The first step in this review requires a determination of whether the sentence is unreasonable. Crudup, 461 F.3d at 438. Only if the sentence is procedurally or substantively unreasonable does the inquiry proceed to the second step of the analysis to determine whether the sentence is plainly unreasonable. Id. at 438-39.

A supervised release revocation sentence is procedurally reasonable if the district court considered Chapter Seven's advisory policy statement range and the 18 U.S.C. § 3553(a) (2006) factors applicable to supervised release revocation. See 18 U.S.C. § 3583(e) (2006); Crudup, 461 F.3d at 438-40. "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted). A sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440.

Upon review of the record, we agree with counsel's assessment that Bergeron's sentence is procedurally and substantively reasonable. At the final sentencing hearing, the district court reasonably found that the sentence was necessary in light of Bergeron's criminal history, the need to afford adequate deterrence, and the need to protect the public. Because the district court articulated a proper basis for imposing the statutory maximum sentence, there is no substantive error. Because Bergeron's sentence is procedurally and substantively reasonable, it is not plainly unreasonable.

3

In accordance with <u>Anders</u>, we have reviewed the record and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Bergeron, in writing, of the right to petition the Supreme Court of the United States for further review. If Bergeron requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bergeron. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>